# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILDARDO RODRIGUEZ,<br><br>　　vs.　　　　　　　　Plaintiff,<br><br>RICK HILL, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 13cv1191-LAB (DHB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING HABEAS PETITION** |

Petitioner Gildardo Rodriguez, a prisoner in state custody, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, this matter was referred to Magistrate Judge David Bartick for report and recommendation. On July 7, 2014, Judge Bartick issued his report and recommendation (the "R&R"), which recommended denying Rodriguez's request for an evidentiary hearing and denying the petition. Rodriguez, after two extensions of time, filed his objections.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This section does not require some lesser review by the district court when no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The "statute makes it clear that the district

judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

The federal rules require specific written objections; generalized or blanket objections do not trigger the de novo review requirement. *See Bridgeman v. Stainer*, 2014 WL 1806919, at *1 (S.D.Cal., May 7, 2014) (citing Fed. R. Civ. P. 72(b)(2); *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Frivolous, conclusive, or general objections [to a magistrate judge's report and recommendation] need not be considered by the district court."). Objections that would not alter the outcome are moot, and can be overruled on that basis alone. *Haraszewski v. Brannan*, 2013 WL 4516776, at *2 (S.D.Cal., Aug. 21, 2013 (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).

Although Rodriguez filed lengthy objections, the bulk of the document is merely a discussion of habeas standards which do not differ in any significant way from the standards Judge Bartick applied in the R&R. Many of the standards do not even have any application to this case such as the standards governing actual innocence claims (Obj. to R&R at 2:2-18), substantive due process claims (*id*. at 2:20–3:26), and denial of parole (*id*. at 4:10–5:8). A great deal of the remainder is taken up with a discussion of fundamental fairness, as well as the history of the writ and development of various doctrines concerning its issuance. The only portions of the objections with any real bearing on this case are a discussion of procedural default (*id*. at 8:27–9:26) and jury instructions (*id*. at 13:4–15:25.) The procedural default discussion mentions the "cause and prejudice" standard, but identifies no error in the R&R. The jury instruction discussion merely points out and discusses at length the familiar principle that the jury instructions may not be so defective as to permit a conviction on less than proof beyond a reasonable doubt. Although the objections conclude "Petitioner does not agree that the Magistrate Judge's opinion is a correct statement of the facts and the laws of Our Country," (*id*. at 15:26–27), the standards set forth in the objections that relate to habeas review are the same as those applied in the R&R.

1    The Court therefore holds that the objections Rodriguez filed do not trigger an
2 obligation to conduct a *de novo* review of the R&R. The Court has, nevertheless, reviewed
3 the jury instructions and procedural default analysis, because the objections identified those
4 as being defective.

5    There is no dispute that Rodriguez stabbed his wife to death. His defense, however,
6 was that his wife's verbal taunts (including an admission that she had been dating another
7 man) amounted to provocation, sufficient to permit the jury to find him guilty of voluntary
8 manslaughter rather than a more serious charge of first or second degree murder. The trial
9 court gave CALCRIM No. 570, the standard jury instruction on voluntary manslaughter based
10 on a "heat of passion" defense. (*See* R&R at 13–14 n.3 (text of instruction).)[1] The trial court
11 also gave CALCRIM No. 522, which instructed the jury that the weight of provocation was
12 for them to decide, and that it could reduce a murder to manslaughter. (*See id*. at 14 n.4
13 (text of instruction).) Rodriguez's attorney asked for a pinpoint instruction: "Provocation may
14 be based on a sudden and violent quarrel, verbal taunts by an unfaithful wife, and the
15 infidelity of a lover." The trial court found that reference to an "unfaithful wife" and "infidelity
16 of a lover" were argumentative, but considered whether to include a pinpoint instruction that
17 provocation could be either verbal or physical. In the end, the trial court decided not to give
18 a pinpoint instruction at all, but allowed defense counsel to argue that Rodriguez's wife's
19 taunts amounted to sufficient provocation to reduce culpability.

20    On review, the state courts determined that the instruction as given, and read together
21 with other instructions, adequately informed the jury that provocation could be verbal — or
22 that, even if it did not, the fact that defense counsel was allowed to make this argument
23 rendered any error harmless. This was a reasonable determination. The R&R correctly
24 states the standards for federal habeas review of claimed errors in state court jury
25 / / /

---

[1] The R&R refers to this as an "involuntary manslaughter" instruction. The reference to involuntary rather than voluntary appears to be a scrivener's error, because Rodriguez's claim is that a properly-instructed jury would likely have convicted him only of voluntary manslaughter and not of second degree murder. (*See* Lodgment 8 (Petition for Review to California Supreme Court) at ii, 4–11.)

1 instructions. (R&R, 16:5–18:27.) Even assuming this was an error — and it does not appear
2 it was — the claim falls far short of the standard for federal habeas relief.

3       The R&R, citing the state court decision on review, found Rodriguez's second claim,
4 regarding the permissible inference in CALCRIM NO. 852 was procedurally defaulted.
5 Rodriguez's claim is that when the trial court instructed the jury that it could infer Rodriguez
6 was guilty of murder based on his prior acts of domestic violence, it also should have
7 instructed the jury that the inference could also be applied to the lesser offense of voluntary
8 manslaughter. Although Rodriguez's trial counsel objected to the instruction as a whole, he
9 never requested a clarifying or amplifying instruction after the court overruled that objection.
10 By failing to timely request a clarifying or amplifying instruction, the state court held,
11 Rodriguez had forfeited this claim. *See People v. Castaneda*, 51 Cal.4th 1292, 1348 (2011)
12 (holding that a party objecting to an allegedly incomplete or overly general instruction must
13 request acceptable amplifying or clarifying language, or the claim is forfeited on appeal);
14 *People v. Geier*, 41 Cal.4th 555, 579 (2007) (same). *See Paulino v. Castro*, 371 F.3d 1083,
15 1092–93 (9th Cir. 2004) (holding that California's contemporaneous objection rule was an
16 independent and adequate state law basis for denying the claim). Rodriguez has failed to
17 establish either cause or prejudice for this.

18       The Court also notes that Rodriguez failed to exhaust this claim. To exhaust a claim,
19 a petitioner must fairly present it to each appropriate state court, including the highest court
20 of the state with powers of discretionary review (here, the California Supreme Court). *See*
21 *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The petition must alert the state court to the
22 federal nature of the claim, such as by citing federal law or labeling the claim as federal. *Id*.
23 at 32. But Rodriguez did not cite any federal authority to the California Supreme Court or in
24 any other way adequately apprise that court that this claim was federal in nature. (*See*
25 *generally* Lodgment 8 at 17–25.) He did cite federal law in his general conclusion, but only
26 in support of another argument, that the instruction regarding a permissible inference should
27 not have been given at all. He did not cite federal law in support of the procedurally
28 / / /

defaulted claim, *i.e.*, that the jury should have been instructed that the inference could also lead them to conclude Rodriguez was guilty of voluntary manslaughter.[2] (*Id*. at 25–26.)

The Court has reviewed the R&R, finds it to be correct, **OVERRULES** Rodriguez's objections, and **ADOPTS** the R&R. The petition is **DENIED**, and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED:  January 22, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] Rodriguez argued that the section of the state evidence code permitting this inference was a "short-cut to conviction" that relieved the prosecution of its obligation to prove each element of the offense beyond a reasonable doubt. (Lodgment 8 at 18.) This is what his federal citation referred to. (*See id*. at 25 ("[T]he inference of Evidence Code section 1109 effectively creates a short-cut to a finding of guilt on what is the most serious of criminal charges.") (citing the U.S. Constitution and *Carella v. California*, 491 U.S. 263, 265 (1989)). In that claim, he argued that the instruction should not have been given at all. The procedurally defaulted claim, by contrast, was that this instruction should have been <u>expanded</u> to cover voluntary manslaughter as well.